IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stephen R.,[1] | ) | Civil Action No.: 1:19-cv-3405-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Kilolo Kijakazi, Acting Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

_____

This action is brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Stephen R.'s ("Plaintiff") claim for disability insurance benefits. The record includes the report and recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed written objections to the Report, and the Commissioner filed a reply to Plaintiff's objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court overrules Plaintiff's objections, adopts the Magistrate Judge's Report, and affirms the Commissioner's final decision denying benefits.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants by their first names and last initials.

**BACKGROUND**

Plaintiff protectively filed an application for disability insurance benefits on April 11, 2017, alleging his disability began on July 1, 2016.  Plaintiff's application was denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"),which was held on June 26, 2019.  On July 31, 2019, the ALJ issued a decision denying Plaintiff's claim.  The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Plaintiff filed this action seeking judicial review on December 6, 2019.

**STANDARDS OF REVIEW**

**I.    The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

**II.    Judicial Review of a Final Decision**

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act.  Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Consequently, judicial review . . . of a final

2

decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

### I.    The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments

3

listed in Appendix I of the regulations.  20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I.  If so, the claimant is disabled.  If not, the next inquiry considers if the impairment prevents the claimant from returning to past work.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993).  The burden of production and proof remains with the claimant through the fourth step.  Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience.  *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 1, 2016, the alleged onset date.  Next, the ALJ determined that Plaintiff has the following severe impairments: anticoagulant therapy secondary to deep vein thrombosis, obesity, affective disorder, anxiety disorder, posttraumatic stress disorder, and personality disorder.  The ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff can perform medium work as defined in 20 C.F.R. 303.1567(c), except that he: can occasionally climb ladders, ropes, and scaffolds; frequently climb ramps and stairs; can frequently balance, stoop, kneel, crouch, and crawl; can have occasional exposure to hazards associated with unprotected

4

dangerous machinery or unprotected heights; can concentrate, persist, and maintain pace to understand, remember, and carry out unskilled routine tasks, in a low-stress work environment (defined as being free of fast-paced or team-dependent production requirements) involving the application of commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form; can deal with problems involving several concrete variables in or from standardized situations; can adapt to occasional work place changes; perform jobs where the worker is largely isolated from the general public, dealing with data and things rather than people; can perform jobs where the work duties can be completed independently from coworkers, but physical isolation is not required; can respond appropriately to reasonable and customary supervision; should not be openly exposed to accessible alcoholic substances (such as work in a bar, winery, brewery, or alcohol distribution warehouse); should not be openly exposed to controlled substances or prescription medications (such as work in a law enforcement evidence facility, forensic lab, pharmaceutical manufacturing plant, medical facility, or pharmacy). The ALJ found that Plaintiff is unable to perform any past relevant work, but that considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform. Accordingly, the ALJ found that Plaintiff has not been under a disability from July 1, 2016, through the date of the decision. (ECF No. 10-2 at 17-27.)

## II.    The Court's Review

In this action, Plaintiff asserts that the ALJ improperly evaluated the opinion evidence and failed to include in the RFC assessment significant limitations resulting from his impairments. The Magistrate Judge thoroughly considered each of Plaintiff's

5

arguments, first explaining the applicable rules for evaluating medical opinions, then considering Plaintiff's specific allegations regarding the statements from Dr. Wentworth, SW McCann, Counselor Fitzsimmons, and Dr. Huff, and ultimately recommending a finding that substantial evidence supports the ALJ's evaluation of this evidence. As to Plaintiff's claim that the ALJ failed to explain why the RFC findings exceed the limitations set forth in the opinions upon which the ALJ relied in formulating the RFC, the Magistrate Judge found no error, or at the very least harmless error, because the ALJ's RFC assessment was not based solely on Dr. Jackson's and Dr. Clanton's opinions and because the ALJ ultimately cited jobs with a GED reasoning level of two, consistent with Dr. Jackson's and Dr. Clanton's opinions.

Plaintiff filed lengthy objections to the Magistrate Judge's Report, first admitting that the Magistrate Judge correctly set forth the regulations related to the evaluation of opinion evidence as well as the evidence from Dr. Wentworth, SW McCann, and Counselor Fitzsimmons. Next, however, Plaintiff asserts that the Magistrate Judge neglected to consider the fact that Dr. Wentworth's failure to place restrictions on Plaintiff's activities does not prove that Plaintiff would not find employment too stressful. Second, Plaintiff objects to the Magistrate Judge's finding that the regulations applicable to this case more narrowly define what constitutes a medical opinion. Specifically, Plaintiff asserts that the ALJ considered the statements of Dr. Wentworth, SW McCann, and Counselor Fitzsimmons to be medical opinions, so the Magistrate Judge erred in finding that they are not medical opinions. Plaintiff asserts that the Magistrate Judge erred by setting the bar too high as to what constitutes a medical opinion, asserting that the applicable regulations do not require a function-by-function assessment of an individual's physical or mental

6

abilities to be considered a medical opinion.  Additionally, Plaintiff objects to the Magistrate

Judge's finding that Dr. Wentworth, SW McCann, and Counselor Fitzsimmons failed to set

forth Plaintiff's abilities or specify limitations to his ability to perform work; instead, Plaintiff

argues that these providers did offer impairment-related restrictions.  Plaintiff concedes,

however, that under the applicable regulation, "if a fact does not involve a specific limitation

of function it is not an 'opinion,' but he argues it remains a fact that can rebut the level of

function set forth in consultative opinions.  (ECF No. 19 at 5.)  Plaintiff then sets forth

factual findings by Plaintiff's doctors who know him well, asserting that these factual

findings are inconsistent with the consultative opinions on which the ALJ relied in assessing

Plaintiff's RFC, and Plaintiff argues that the Magistrate Judge provided improper post hoc

rationales to excuse the ALJ's failures.  As to the Magistrate Judge's agreement with

Plaintiff that it is irrelevant whether any of the opinions at issue were rendered for the

purposes of securing VA benefits, Plaintiff asserts that the error was not harmless in light

of the other alleged errors.

Next, regarding the ALJ's alleged failure to reconcile conflicts between the findings

in the opinions upon which the ALJ relied and the ultimate RFC assessment, Plaintiff

asserts that the Magistrate Judge again offered improper post hac rationales.  Plaintiff also

objects to the Magistrate Judge's conclusion that any error in this respect would be

harmless because the fact that the ALJ ultimately cited jobs with a reasoning level of two

instead of three.  Plaintiff asserts that the ability to "[a]pply commonsense understanding

to carry out simple one- or two step instructions" is the definition of a GED reasoning level

1, not a reasoning level 2," thus requiring testimony from a vocational expert.

After a thorough review of the evidence of record, the parties' arguments, and the

Magistrate Judge's Report, the Court finds that nothing in Plaintiff's objections warrants remand.  First, with respect to the ALJ's treatment of the statements of Dr. Wentworth, SW McCann, Counselor Fitzsimmons, and Dr. Huff, the Magistrate Judge correctly set forth the applicable regulations and the content of the statements at issue, as Plaintiff concedes. As the Magistrate Judge properly explained, because Plaintiff's claim was filed after March 27, 2017, the criteria set forth in 20 C.F.R. § 404.1513(a)(2) and § 416.913(a)(2) governs whether a statement qualifies as a medical opinion.  Pursuant to these regulations:

> A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities:
>
> > (i) Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
> >
> > (ii) Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;
> >
> > (iii) Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and
> >
> > (iv) Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

20 C.F.R. § 404.1513(a)(2) and § 416.913(a)(2).  Also, pursuant to 20 C.F.R. § 404.1520c and § 416.920c, an ALJ should consider and articulate in his decision how persuasive he finds all of the medical opinions of record based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict the opinion, with supportability and consistency carrying greater weight than the other factors.  20 C.F.R. §§ 404.1520(b) and (c); 416.920(a), (b),

8

and (c); 404.1520c(a), (b)(2).

Here, the Court agrees with the Magistrate Judge that Plaintiff's reliance on *Putnam v. Saul*, No. 2:18-cv-3524-DCN-MGB, 2020 WL 562960 (D.S.C. 2020), is unavailing because the case involved 20 C.F.R. § 404.1527, and not 20 C.F.R. § 404.1513(a)(2). Next, contrary to Plaintiff's objection that the Magistrate Judge failed to address "the ALJ's finding of inconsistency in the fact that Dr. Wentworth did not place restrictions on Root's activities," (ECF No. 19 at 2) the Court finds that the Magistrate Judge did consider this argument.  (*See* ECF No. 15 at 36 ("He claims Dr. Wentworth's failure to place restrictions on Plaintiff's activities did not contradict her opinion that he would find an employment situation too stressful.").)  Moreover, the Court ultimately disagrees with Plaintiff that the Magistrate Judge set the bar too high as to what constitutes a medical opinion under the applicable regulations.  Rather, after review, the Court agrees with the Magistrate Judge that "Dr. Wentworth, SW McCann, and Counselor Fitzsimmons provided statements detailing Plaintiff's treatment history and symptoms, diagnos[e]s, and prognos[e]s, but they did not set forth his abilities or specify limitations to his ability to perform mental demands of work activities, as required by 20 C.F.R. § 404.1513(a)(2)."  (ECF No. 15 at 39.) Likewise, "Dr. Huff did not state the functions Plaintiff could perform and those that were limited or restricted."  (*Id.* at 44.)  Thus, the Court agrees with the Magistrate Judge that these providers did not offer medical opinions.

Furthermore, the Court agrees with the Magistrate Judge that *even if* the statements upon which Plaintiff relies do constitute medical opinions under the applicable regulations, the ALJ considered them appropriately in accordance with 20 C.F.R. § 404.1520c, finding them inconsistent with other evidence and not supported (where such providers authored

treatment notes).  With respect to Plaintiff's argument that the statements–regardless of whether they constitute opinions–remain facts regardless, it is clear that the ALJ considered the "entire record," and the Court agrees with the Magistrate Judge that the ALJ did not mischaracterize the record.  The Court further agrees with the Magistrate Judge  that it is irrelevant whether the statements of certain of Plaintiff's medical providers were obtained for the purpose of seeking VA disability benefits; however, the Court also agrees with the Magistrate Judge that the ALJ's reference to this fact is harmless under the circumstances, where the ALJ considered the appropriate factors and cited substantial evidence to support his conclusions.  Although Plaintiff disagrees with the ALJ's conclusions, it is not this Court's job to reweigh the evidence or substitute its judgment for the ALJ's, and the Court ultimately finds that the ALJ conducted the proper analysis in a comprehensive fashion and cited substantial evidence to support his evaluation of the statements of Dr. Wentworth, SW McCann, Counselor Fitzsimmons, and Dr. Huff.  Accordingly, the Court finds that Plaintiff is not entitled to relief on this basis.  *See Robinson o/b/o A.D. v. Saul*, No. 4:18-cv-2575-DCC, 2020 WL 1501939, at *2 (D.S.C. Mar. 30, 2020) ("While this Court may have reached a different conclusion if it was reviewing the record *de novo*, the Court is constrained to affirm the ALJ's decision under the deferential substantial evidence standard of review.")

Next, with respect to the ALJ's RFC assessment, Defendant is correct that Plaintiff's objections largely restate the first part of his initial argument and ignore the second.  (*See* ECF No. 15 at 10-14.)  Moreover, Plaintiff's reliance on *Dutton v. Colvin*, No. 4:13-cv-1888, 2015 WL 163043 (D.S.C. Jan. 13, 2015), is again misplaced as *Dutton* did not involve the regulations applicable here.

Ultimately, the Court finds no error in the Magistrate Judge's analysis of this claim. As the Magistrate Judge explained, the ALJ did not base his RFC assessment *solely* on the opinions of Dr. Jackson and Dr. Clanton, but considered other factors such as Plaintiff's improvements following voluntary inpatient treatment and his testimony and presentation at the hearing. Thus, the Court finds no error in the ALJ's RFC assessment.

Moreover, the Court also agrees with the Magistrate Judge that *even if* the ALJ erred in deviating from the opinions of Drs. Jackson and Clanton, any error was harmless because the ALJ ultimately cited jobs with a GED reasoning of two and not three. Although Plaintiff now argues in his objections that a GED reasoning of two is not sufficient to account for the RFC formulated by the ALJ, Plaintiff already conceded this argument when he admitted in his initial brief that "a limitation to simple, routine work is in line with jobs with a GED reasoning level of one or 2." (ECF No. 11 at 34.) In all, the Court finds no basis to require remand in this case.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law in her thorough and comprehensive 51-page Report. Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 15); the Court overrules Plaintiff's objections (ECF No. 19); and the Court affirms the Commissioner's final decision denying benefits.

11

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 17, 2021
Charleston, South Carolina